**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 9:19-CR-45 MJT** |
| | § | |
| | § | |
| **TRAVIS LANE FAVRO** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 14, 2026, alleging that the Defendant, Travis Lane Favro, violated his conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Favro was sentenced on September 28, 2022, before The Honorable Michael J. Truncale of the Eastern District of Texas after pleading guilty to the offense of Possession Of A Firearm By A Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. Favro was subsequently sentenced to 80 months' imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include:

You must provide the probation officer with access to any requested financial information for purposes.

You must not possess or consume any alcoholic beverages.

You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

You must pay any cost associated with treatment and testing.

You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

## II. The Period of Supervision

On June 20, 2025, Travis Lane Favro completed his period of imprisonment and began service of the supervision term. On May 28, 2026, the terms of supervision were modified to include:

You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the U.S. Probation Office. You must abide by the rules and regulations of the center.

You must not communicate, or otherwise interact, with Leesa Gillespie, either directly or through someone else, unless approved by the probation officer.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Favro violated the following conditions of release:

<u>Allegation 1.</u> Defendant shall not commit another federal, state, or local crime.

<u>Allegation 2.</u> Defendant must work full time, at least 30 hours per week, at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-

time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work, such as Defendant's position or job responsibilities, Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Allegation 3. Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise participation in the program. Defendant must pay any cost associated with treatment and testing.

Allegation 4. Defendant must not communicate, or otherwise interact, with Leesa Gillespie, either directly or through someone else, unless approved by the Probation Officer.

## IV. Proceedings

On September 22, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Favro violated conditions of supervised release, and the appropriate course of action for any such violations. At the revocation hearing, Favro pleaded "not true" to Allegations 1 and 2, and "true" to Allegations 3 and 4. The Government verbally withdrew Allegations 1 and 2.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any

such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to take his mental health medication as prescribed or communicating with Ms. Gillespie, directly or indirectly, Favro will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the policy statement imprisonment range is 7 to 13 months. U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 2 years.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

**VI. Application**

The undersigned takes judicial notice of Allegations 3 and 4, as well as the prior modification of Defendant's conditions of supervised release to include the special condition that Defendant have no contact, directly or indirectly, with Leesa Gillespie. Dkt. #133. To prove the alleged violations, the Government tendered text messages, which were admitted without objection from Defendant. Defendant also personally addressed the allegations and provided an explanation regarding his conduct. Among other things, Defendant explained why he stopped taking his prescribed psychiatric medication and represented that he has not communicated with Ms. Gillespie for approximately eighty days. He acknowledged, however, that after the no-contact condition was imposed, he and Ms. Gillespie initially continued communicating while attempting to sort out issues concerning their property.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Favro's violation is a Grade C violation and his criminal history category is V. The policy statement range in the Guidelines Manual is 7 to 13 months. Favro did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Having considered Defendant's admissions, the evidence presented, his explanation of the circumstances surrounding the violations, and the record as a whole, the undersigned finds that revocation of Favro's supervised release is warranted. Of particular concern, Favro violated the rules governing his placement at the halfway house even before his residence there began. This

conduct, together with the violations admitted by Favro, demonstrates a failure to comply with the conditions of release.

Consequently, incarceration is appropriate. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 13 months, with 18 months of supervised release to follow. All other conditions of supervised release previously imposed by the Court should remain in full force and effect.

## VII. Recommendations

The court should find that the Defendant violated two conditions of release by failing to take mental health medication as prescribed and communicating with Lisa Gillespie in violation of a special condition of release. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of thirteen (13) months' imprisonment, with eighteen (18) months of supervised release to follow. The Defendant requested to serve his prison term at the Federal Medical Center in Fort Worth, Texas. The Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case shall be re-imposed. Such conditions are set forth in the Judgment, and the rationale for these conditions is contained in the Defendant's Presentence Investigation Report.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and

consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 25th day of September, 2026.

Zack Hawthorn
United States Magistrate Judge